UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

|  |  |
|---|---|
| ANDREW DURDEN, CARLOS VISO, CHRISTOPHER DIEGUEZ, KRISTOPHER MESA, and SASHA HERNANDEZ and other similarly situated individuals, | ) ) ) ) ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) ) |
| ZAPPOROO, LLC, JOEL CORDLE II, JOSHUA DAMIEN CORDLE, CARMEN LAKATIS and JOHN EDWARD LAKATIS | |
| Defendants. | |

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, ANDREW DURDEN, CARLOS VISO, CHRISTOPHER DIEGUEZ, KRISTOPHER MESA, and SASHA HERNANDEZ ("Plaintiffs") and other similarly situated individuals, sue the Defendants, ZAPPOROO, LLC ("Zapparoo"), JOEL CORDLE II, JOSHUA DAMIEN CORDLE, CARMEN LAKATIS and JOHN EDWARD LAKATIS (collectively "Defendants"), and allege:

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States and under Chapter 448, Florida Statutes.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3.  The Court has supplemental jurisdiction over the state law unpaid wages claims brought under Chapter 448, Florida Statutes. The facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

4.  Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

5.  Corporate Defendant is a Florida limited liability company, having its main place of business in Miami-Dade County, Florida, where Plaintiffs worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

6.  Upon information and belief, all individual defendants are owners and/or managers of corporate defendant and should be considered employers of Plaintiff.

### COUNT I: OVERTIME WAGE AND HOUR VIOLATION BY ZAPPOROO

7.  Plaintiff incorporates herein paragraphs 1-6 above.

8.  This action is brought by Plaintiffs and those similarly situated to recover from unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

9.  Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Zapporoo is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Zapporoo operates as an organization

which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Zapporoo obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Zapporoo was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, Zapporoo is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for Zapporoo. Zapporoo's business activities involve those to which the Act applies. Zapporoo is an online app developer and, through its business activity, affects interstate commerce. Plaintiffs' work for Zapporoo likewise affects interstate commerce. Plaintiffs were employed by Zapporoo as app designers.

11. While employed by Zapporoo, Plaintiffs worked an average of 45 (forty-five) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which they were employed. Plaintiffs were employed as app developers performing the same or similar duties as that of other similarly situated app developers whom Plaintiffs observed working in excess of 40 hours per week without overtime compensation.

12. Plaintiffs were paid a salary throughout their employment, but were not paid overtime wages for the hours that they worked in excess of 40 hours per week. Plaintiffs seek to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this Complaint.

13. Prior to the completion of discovery and to the best of the knowledge of each individual Plaintiff, at the time of the filing of this Complaint, a good faith estimate of the unpaid overtime wages are as follows:

   a. Andrew Durden: $42,000 / 52 weeks / 45 hours per week x .5 unpaid halftime = $8.97 unpaid OT per hour; $8.97 x 5 hours x 118 weeks = **$5,292.30**

   b. Sasha Hernandez: $37,000 / 52 weeks / 45 hours per week x .5 unpaid halftime = $7.91 unpaid OT per hour; $7.91 x 5 hours x 122 weeks = **$4,822.65**

   c. Christopher Dieguez: $37,500 / 52 weeks / 45 hours per week x .5 unpaid halftime = $8.01 unpaid OT per hour; $8.01 x 5 hours x 115 weeks = **$4,605.75**

   d. Kristopher Mesa: $36,000 / 52 weeks / 45 hours per week x .5 unpaid halftime = $7.69 unpaid OT per hour; $7.69 x 5 hours x 78 weeks = **$2,999.10**

   e. Carlos Viso: $35,000 / 52 weeks / 45 hours per week x .5 unpaid halftime = $7.48 unpaid OT per hour; $7.48 x 5 hours x 115 weeks = **$4,301.00**

14. At all times material hereto, Zapporoo failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Zapporoo to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are twice monthly-paid

employees and/or former employees of Zapporoo who are and who were subject to the unlawful payroll practices and procedures of Zapporoo and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

15. Zapporoo knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiffs and those similarly situated these overtime wages since the commencement of Plaintiffs' and those similarly situated employee's employment with Zapporoo as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages. Zapporoo never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

16. Zapporoo willfully and intentionally refused to pay Plaintiffs overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Zapporoo as set forth above.

17. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and others similarly situated and against Zapporoo on the basis of Zapporoo's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and

overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available
pursuant to Federal Law.

**COUNT II: OVERTIME WAGE AND HOUR VIOLATIONS BY
JOEL CORDLE II, JOSHUA DAMIEN CORDLE, CARMEN LAKATIS and JOHN
EDWARD LAKATIS**

18. Plaintiffs incorporate herein paragraphs 1-17 above.

19. At the times mentioned, the Individual Defendants were the Owners and/or Officers of the
Corporate Defendant. The Individual Defendants were employers of Plaintiffs and others
similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in
that these defendants acted directly or indirectly in the interests of the Corporate Defendant
in relation to the employees of the Corporate Defendant, including Plaintiffs and others
similarly situated. The Individual Defendants had operational control of the Corporate
Defendant, were involved in the day-to-day functions of the Corporate Defendant, paid
Plaintiffs, and are jointly liable for Plaintiff's damages.

20. The Individual Defendants are and were, at all times relevant, persons in control of the
Corporate Defendant's financial affairs and can cause the Corporate Defendant to
compensate (or not to compensate) its employees in accordance with the Act.

21. The Individual Defendants willfully and intentionally caused Plaintiffs not to receive
overtime compensation as required by the laws of the United States as set forth above and
remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs'
employment with the Corporate Defendant as set forth above.

22. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and other similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT III: MINIMUM WAGE VIOLATION BY ZAPPOROO

23. Plaintiff incorporates herein paragraphs 1-6, 9 and 10 above.

24. This action is brought by Plaintiffs and those similarly situated to recover from unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 206.

25. Plaintiff's were not paid for any hours worked for their last month of employment.  While employed by Zapporoo, Plaintiffs worked an average of 45 (forty-five) hours per week. Plaintiffs believe that no employees of Defendant were paid for their final month of work.

26. Plaintiffs were paid a salary throughout their employment, but were not paid any wages for the hours that they worked from approximately August 16, 2016 to September 13, 2016

(with Plaintiff Durden experiencing an extra week without pay).  Plaintiffs seek to recover unpaid minimum wages for this period.

27. Prior to the completion of discovery and to the best of the knowledge of each individual Plaintiff, at the time of the filing of this Complaint, a good faith estimate of the unpaid minimum wages are as follows:

    a. <u>Andrew Durden</u>: $8.05 MW rate x 45 hours x 5 weeks x 2 liquidated damages = **$3,622.50**

    b. <u>Sasha Hernandez</u>: $8.05 MW rate x 45 hours x 4 weeks x 2 liquidated damages = **$2,898.00**

    c. <u>Christopher Dieguez</u>: $8.05 MW rate x 45 hours x 4 weeks x 2 liquidated damages = **$2,898.00**

    d. <u>Kristopher Mesa</u>: $8.05 MW rate x 45 hours x 4 weeks x 2 liquidated damages = **$2,898.00**

    e. <u>Carlos Viso</u>: $8.05 MW rate x 45 hours x 4 weeks x 2 liquidated damages = **$2,898.00**

28. At all times material hereto, Zapporoo failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiffs and those similarly situated performed services and worked for Defendant but no provision was made by Zapporoo to properly pay them at the minimum wage rate for all hours worked as provided in the Act. The additional persons who may become Plaintiffs in this action are twice monthly-paid employees and/or former employees of Zapporoo who are and who were subject to the unlawful payroll practices and procedures of Zapporoo and were not paid minimum wages for their final month of work.

29. Zapporoo knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remains owing Plaintiffs and those similarly situated these minimum wages for the final month of their employment with Zapporoo as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages. Zapporoo never posted any notice, as required by Federal Law, to inform employees of their federal rights to minimum wage payments.

30. Zapporoo willfully and intentionally refused to pay Plaintiffs minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiffs these minimum wages over the final month of Plaintiffs' employment with Zapporoo as set forth above.

31. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and others similarly situated and against Zapporoo on the basis of Zapporoo's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages for hours not compensated, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT IV: MINIMUM WAGE VIOLATIONS BY JOEL CORDLE II

32. Plaintiffs incorporate herein paragraphs 1-6 and 23-31 above.

33. At the times mentioned, the Individual Defendant Joel Cordle II was the Owner and/or Officer of the Corporate Defendant. The Individual Defendant was an employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiffs and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, paid Plaintiffs, and is jointly liable for Plaintiffs' damages.

34. The Individual Defendant Joel Cordle II is and was, at all times relevant, the person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

35. Joel Cordle II willfully and intentionally caused Plaintiffs not to receive minimum wage compensation as required by the laws of the United States as set forth above and remains owing Plaintiffs these minimum wages over the final 4-5 weeks of Plaintiffs' employment with the Corporate Defendant as set forth above.

36. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A.    Enter judgment for Plaintiffs and other similarly situated and against the Individual Defendant Joel Cordle II on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages for the uncompensated hours worked; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## COUNT V: UNPAID WAGES UNDER FLORIDA LAW AND CONTRACT AGAINST ZAPPAROO

37. Plaintiff incorporates herein paragraphs 1-6 above.

38.  The Corporate Defendant employed Plaintiffs until their termination on approximately September 13, 2016.

39. Defendant employed Plaintiffs as app developers agreeing to pay a twice monthly salary to each Plaintiff.

40. All the hours worked by Plaintiffs were worked within the State of Florida.

41. Defendant has not paid Plaintiffs approximately one month of work or two paychecks, with Plaintiff Durden experiencing an extra week without pay.

42. Defendants owe Plaintiffs unpaid wages in the following amounts:

    a.  Andrew Durden: $4,375.00

    b.  Sasha Hernandez: $3,083.34

    c.  Christopher Dieguez: $3,124.00

    d.  Kristopher Mesa: $3,000.00

    e.  Carlos Viso: $2,916.67

43. As a result, Plaintiffs have been damaged.

44. Defendant owes Plaintiffs their wages earned under Florida common law and contract and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should the Plaintiff prevail on this claim.

45. Plaintiffs have retained undersigned counsel to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiffs, respectfully request this Court grant the following relief:

A. An award to Plaintiffs for actual damages in the amount shown to be due for unpaid wages, with interest;

B. Costs of this action, together with reasonable attorneys' fees;

C. Such other and further relief as this Court deems equitable and just.

### <u>JURY DEMAND</u>

Plaintiffs demands trial by jury of all issues so triable as of right.

.

Dated: December 27, 2016.

Respectfully submitted,

By: __/s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email: rer@sorondorosenberg.com
Sorondo Rosenberg PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
786.708.7550

Attorneys for Plaintiff